

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: JACQUELINE CARR　　　　*　　　　　CIVIL ACTION

　　　　　　　　　　　　　　　　*　　　　　NO: 00-0022

　　　　　　　　　　　　　　　　*　　　　　SECTION: "D"(5)

On April 28, 2000, Jean O. Turner, Trustee, filed a **"Motion to Dismiss"** the Appeal filed by Jacqueline Carr, and set it for hearing on May 31, 2000. On May 22, 2000, Appellant Carr filed a **"Motion for Extension of Time to Respond"** to this Motion to Dismiss, and on May 23, 2000, she filed a **"Motion to Strike"** the Motion to Dismiss for failure of service.

The record reflects that counsel for Jean O. Turner, Trustee, included a Certificate of Service on both the Motion to Dismiss and the supporting memorandum. However, on May 25, 2000, counsel for the Trustee advised the court that a clerical oversight may been made in his office resulting in the failure to mail a copy of the Motion to Dismiss (and supporting memorandum) to Appellant Carr. Counsel for Trustee Turner further advised the court that he would



DATE OF ENTRY
MAY 2 5 2000

so advise Ms. Carr and that he had mailed her a copy of the Motion to Dismiss (and supporting memorandum) on or about May 24, 2000.[1]

Accordingly;

**IT IS FURTHER ORDERED** that the hearing of Trustee Turner's **Motion to Dismiss**, now set on May 31, 2000, be and is hereby **CONTINUED** to **Wednesday, June 28, 2000**. Appellant Carr is **ORDERED** to file her memorandum in opposition (and simultaneously serve opposing counsel) **no later than Tuesday, June 20, 2000**. If counsel for Trustee Turner elects to file a reply memorandum, he must do so (and simultaneously serve Appellant Carr) **no later than Monday, June 26, 2000**.

**IT IS ORDERED** that Appellant Carr's **"Motion for Extension of Time to Respond"** be and is hereby **DENIED AS MOOT**, given the continuance of the hearing on Trustee Turner's Motion to Dismiss, and the **June 20, 2000** deadline on which Appellant Carr's opposition memorandum is now due;

---

[1] The court notes that in her Motion to Strike, Appellant Carr recites that on or about May 12, 2000, she herself obtained copies of the pleadings filed on behalf of Trustee Turner from the Clerk's office.

Further, in her Motion to Strike, Appellant Carr complains that the Notice of Hearing on the Motion to Dismiss has not been served to date "as the record reflects no 'Return of Service'" and "[t]he Notice of Hearing bears no 'service instructions'". However, service of pleadings in this matter (unless the court otherwise orders) is complete upon mailing, hand delivery or fax transmittal. Fed.R.Civ.Proc. 5(b).

2

**IT IS FURTHER ORDERED** that Appellant Carr's **"Motion to Strike"** be and is hereby **DENIED**, as well as Appellant Carr's incorporated request for Rule 11 sanctions, which the court finds are not warranted in this instance.

*   *   *   *   *   *