

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE JACQUELINE CARR            *         CIVIL ACTION
                                 *         NO: 00-22
                                 *         SECTION: "D"(5)

### ORDER OF DISMISSAL

Before the court is a **"Motion to Dismiss"** filed by Jean O. Turner, Trustee. Appellant, Jacqueline Carr opposes this motion. The motion, set for hearing on Wednesday, June 28, 2000, is before the court on briefs without oral argument.

Having considered the record, the applicable law and the memoranda of counsel the court finds that the Motion to Dismiss should be granted.

Appellant Carr appeals the Bankruptcy court's October 1999 ruling granting the trustee authority to sell certain assets of the debtor. The trustee represents, and Appellant Carr does not

DATE OF ENTRY
JUN 2 9 2000



dispute that the property included in the October 1999 order[1] was sold on February 14, 2000 to Robert S. Robertson.

Appellant Carr failed to obtain a stay pending her appeal. The trustee now asserts that under 11 U.S.C. §363(m), the appeal must be dismissed as moot.

## **DISCUSSION**

The only issue before the court today is whether Appellant Carr's failure to obtain a stay of Judge Brown's Order approving the sale of assets renders her appeal moot.[2] The court finds that it does.

In In re Gilchrist, 891 F.2d 559 (5th Cir. 1990), the Fifth Circuit affirmed a lower court's dismissal of an appeal as moot under 11 U.S.C. §363(m)[3] when the debtor failed to obtain a stay of

---

[1] The Minute Entry is dated October 20, 1999, was signed October 26, 1999 and docketed October 27, 1999.

[2] Appellant Carr lists three issues in her Notice of Appeal, "(1) Order Disallowing Disqualification of John M. Holahan as attorney for Robert S. Robertson (2) Order Denying Filing of Adversary Proceedings against Robert S. Robertson disputing claims against estate and (3) Order of Sale of Assets. In 1995 the Fifth Circuit barred Appellant Carr from filing any pleadings or documents in this district without leave of court. See Bankruptcy Court record, document number 393. The record reflects that such leave was only granted with respect to appealing the October order of the sale of assets. See District Court record, document 6, Transcript Proceedings Held October 20, 1999, at p. 18. Therefore, the court considers only that issue.

[3] 11 U.S.C. §363 (m) recites:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the

2

the sale. "Section 363(m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal. We have interpreted this section to moot an appeal in the absence of a stay." Id. at 560 (citing Bleaufontaine, Inc. v. Roland Int'l (In re Bleaufontaine, Inc.), 634 F.2d 1383, 1389-90 (5th Cir. 1981)).

In the instant case, the Bankruptcy Court authorized the sale after oral argument. During the oral argument, Appellant Carr raised the same objections with regard to the purchaser as she raises in her appeal. The court overruled these objections. At the same time, Appellant Carr was granted leave to appeal the order of sale, and did file an appeal. However, Appellant did not obtain a stay of the sale pending the appeal. The sale of the assets proceeded.

> In her opposition Appellant Carr argues that
>
> Robertson is not a "good faith purchaser" due to his fraudulent claims distinguish[ing] this appeal from the cases and authorities cited by Trustee's Counsel requiring dismissal of the appeal. The Trustee knew of the appeal and both the Trustee and purchaser Robertson knew of the appellate issues and pending appeal at the time of sale as public record and notice afforded by the United States Bankruptcy Code.

See Appellant's Memorandum in Opposition at p. 7.

---

pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C.A. §363 (m) (1993).

3

However, 11 U.S.C. §363(m) mandates that Appellant Carr obtain a stay "whether or not [the purchaser] knew of the pendency of the appeal." Therefore, Appellant Carr's appeal is moot under 11 U.S.C. §363(m).

Because the court finds that Appellant Carr's appeal is moot, the court need not resolve the remaining issues included in her notice of appeal. See Gilchrist, 891 F.2d at 561 (The court pretermitted a jurisdictional question in part because appellant failed to properly obtain a stay.) In short, Appellant Carr's failure to obtain a stay is fatal to her position on all issues raised in her Notice of Appeal.

Accordingly;

IT IS ORDERED that the Motion to Dismiss filed by Jean O. Turner, Trustee be and is hereby **GRANTED**.

New Orleans, Louisiana, this 28 day of June, 2000.

A. J. McNAMARA
CHIEF JUDGE

4